UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN D. FOSSETT,

      Petitioner,                                             Civil Action No. 06-CV-12818

v.                                                HON. BERNARD A. FRIEDMAN

KENNETH ROMANOWSKI,

      Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION; DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL; AND GRANTING PETITIONER'S MOTION TO COMPEL RESPONDENT TO SERVE A COPY OF HIS RESPONSE UPON PETITIONER

## I.  INTRODUCTION

This matter is presently before the court on the following motions:  petitioner's motion to amend the petition [docket entry 27]; petitioner's motion for appointment of counsel [docket entry 29], and petitioner's motion to compel respondent to serve a copy of his response upon petitioner [docket entry 32].  On June 26, 2006, petitioner filed an application for writ of habeas corpus  pursuant to 28 U.S.C. § 2254.  Respondent filed an answer on January 5, 2007, and the Rule 5 materials were filed on January 31, 2007.  However, no responses have been filed to the above referenced motions.  For the reasons stated below, the court shall grant petitioner's motion to amend, deny his motion for appointment of counsel, and grant his motion to compel service of respondent's answer.

## II. DISCUSSION

### A. Amendment of Habeas Petition

A party may amend his pleading "once as a matter of course before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ P. 15(a)(2).

Respondent has already filed an answer to the habeas petition, and he has not consented in writing to petitioner's request to file an amended pleading. Therefore, petitioner may amend his habeas petition only with the court's permission. Leave to amend should be freely given when justice so requires. *See id.* This requirement has been interpreted to allow supplementation and clarification of claims initially raised in a timely motion. *See Anderson v. United States*, 39 Fed.Appx. 132, 136 (6th Cir. 2002).

An additional question in habeas cases is whether the amended pleading relates back in time to the date of the original pleading to comply with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). In *Mayle v. Felix*, 545 U.S. 644, 659-60 (2005), the Supreme Court held that "relation back depends on the existence of a 'common core of operative facts' uniting the original and newly asserted claims." Relation back is permitted "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. A reviewing court must look to the facts from which the claims arise.

In this case, the original petition addresses the following issues: (1) whether petitioner's trial counsel was ineffective for failing to move for dismissal following two mistrials

due to the cumulative error of the prosecutor, and (2) whether the trial court abused its discretion by imposing the maximum sentence recommended by the guidelines. The amended petition seeks to supplement these claims with additional case law and analysis. Petitioner is not raising new claims. Accordingly, the amended pleading relates back to the date of the original pleading and shall be permitted.

## B. Appointment of Counsel

Petitioner's basis for requesting appointment of counsel is four-fold: (1) he is indigent; (2) his claims are meritorious and cognizable for habeas review; (3) the factual and legal issues presented are complex; and (4) Petitioner lacks legal training.

Habeas petitioners have no constitutional right to a court-appointed attorney. *See Murray v. Giarratano*, 492 U.S. 1 (1989); *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). "Habeas corpus is an extraordinary remedy for unusual cases . . ." *Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). The appointment of counsel "is within the discretion of the court and is required only where the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). This standard is met "if, given the difficulty of the case and the litigant's ability, she could not obtain justice without an attorney, she could not obtain a lawyer on her own, and she would have had a reasonable chance of winning with a lawyer at her side." *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).

In this case, the court is not persuaded that petitioner's claims likely would succeed even if counsel were appointed. Regarding petitioner's first claim, it appears doubtful that petitioner can meet the *Strickland v. Washington,* 466 U.S. 668 (1984), standard which requires him to show

that (1) his attorney's representation fell below an objective standard of reasonableness, and (2) but for his attorney's errors during the court proceedings, the outcome at trial would have been different. Regarding petitioner's second claim, state sentencing guideline issues are generally not cognizable on habeas review. *Howard v. White,* 76 Fed.Appx. 52, 53 (6th Cir. 2003); *Long v. Stovall,* 450 F. Supp.2d 746, 754 (E.D. Mich. 2006). Given the tenuousness of petitioner's claims, the appointment of counsel is not warranted.

### C. Compel Service of Responsive Pleading

Petitioner claims that he, to date, has not received a copy of respondent's answer to his petition. Rule 5 of the Rules Governing Habeas Cases requires that a respondent file an answer with the court and serve it upon the petitioner. Although the certificate of service attached to respondent's answer in this case indicates that the answer was filed electronically with the court on January 5, 2007, and mailed to petitioner on the same date, court shall require respondent to mail another copy of its answer to petitioner.

### III. CONCLUSION

For the reasons stated above,

IT IS ORDERED that petitioner's motion to amend the petition [docket entry 27] is granted. If respondent wishes to file an answer to the amended petition, he shall do so within thirty (30) days of the date of this order.

4

IT IS FURTHER ORDERED that the Clerk of the Court serve a copy of the amended petition for writ of habeas corpus and a copy of this order on respondent and the Attorney General by first class mail.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel [docket entry 29] is denied without prejudice. The court may appoint counsel at a future time if a hearing is necessary or if other circumstances warrant.

IT IS FURTHER ORDERED that petitioner's motion to compel respondent to serve a copy of his response upon petitioner [docket entry 32] is granted. If petitioner wishes to file a reply, he shall do so within thirty (30) days of the date of this Order.

_s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

I certify that a copy of this foregoing document was served upon Brian Fossett and counsel of record via electronic and/or ordinary mail.

s/Carol Mullins_____
Case Manager

Dated: July 3, 2008
Detroit, Michigan